# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ASHLEY FURNITURE INDUSTRIES, LLC; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CHRISTOPHER MICHAEL RENEY,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAY 11 2023

*Veronica Medina*
VERONICA MEDINA

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of San Bernardino - Civil Division
247 W. 3rd St., San Bernardino, CA 92415

**CASE NUMBER:** *(Número del Caso):*
CIVSB 2309109

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael J. Jaurigue (SBN 208123); Jaurigue Law Group; 300 W. Glenoaks Blvd. Suite 300, Glendale, CA 91202; (818) 630-7280

DATE: MAY 11 2023          Clerk, by *Veronica Medina*, Deputy
*(Fecha)*                  *(Secretario)* VERONICA MEDINA   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]
COPY

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [X] on behalf of *(specify)*: ASHLEY FURNITURE INDUSTRIES, LLC
   under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [X] other *(specify):* Limited Liability Company
4. [ ] by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

Michael J. Jaurigue (SBN 208123)
S. Sean Shahabi (SBN 204710)
**JAURIGUE LAW GROUP**
300 West Glenoaks Boulevard, Suite 300
Glendale, California 91202
Telephone: 818.630.7280
Facsimile: 888.879.1697
service@jlglawyers.com
michael@jlglawyers.com
sean@jlglawyers.com

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO

APR 18 2023

BY: _____ Veronica Medina, Deputy

*Attorneys for Plaintiff*
Christopher Michael Reney

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## SAN BERNARDINO COUNTY

| | |
|---|---|
| CHRISTOPHER MICHAEL RENEY, <br><br> Plaintiff, <br><br> v. <br><br> ASHLEY FURNITURE INDUSTRIES, LLC; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No. CIVSB 2309109 <br><br> **COMPLAINT** <br><br> 1. Retaliation for Reporting Illegal Violation, Cal. Lab. Code § 1102.5 <br> 2. Retaliation for Working Conditions Complaint, Cal. Lab. Code § 6310 <br> 3. Wrongful Termination in Violation of Public Policy <br><br> **DEMAND FOR JURY TRIAL** |

FAXED

1.   Plaintiff Christopher Reney (hereinafter, referred to as "Plaintiff"), individually, brings this action against Defendants Ashley Furniture Industries, LLC and Does 1 through 50, inclusive (hereinafter, referred to collectively as "Defendants") as follows:

### *PARTIES*

2.   Defendants employed Plaintiff and permitted Plaintiff to work and exercised control over Plaintiff's wages, hours, and working conditions.

3.   Plaintiff is informed and believes, and based thereon alleges, that Defendant Ashley Furniture Industries, LLC is a corporation organized under the laws of the State of California.

4.   At all times relevant herein, Plaintiff was employed by Defendants in the County of San Bernardino, California at 2250 W Lugonia Ave., Redlands, CA 92374.

5.   Plaintiff does not know the true names of Defendants Does 1 through 50, inclusive, and therefore sues them by those fictitious names. The names, capacities, and relationships of Defendants Does 1 through 50, inclusive, will be alleged by amendment to this Complaint when the same are known to Plaintiff.

6.   Plaintiff is informed and believes and thereon alleges, that at all times mentioned in this Complaint, each Defendant was acting as the agent, employee, partner, co-conspirator or joint venturer of each of the remaining Defendants, and was acting in concert with each remaining Defendant in doing the things herein alleged, and, at all times, was acting within the course and scope of such agency, employment, partnership, joint venture, or concert of action.

7.   Plaintiff is informed and believes and thereon alleges that at all relevant times each of the Defendants was the integrated enterprise, joint employer of Plaintiff and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for the conduct of them. Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as employers, either directly or indirectly, and of the manner in which Defendants' business was conducted.

8.   Plaintiff is further informed and believes and thereon alleges that all Defendants acted pursuant to and within the scope of the relationships alleged above, that all Defendants knew or should

have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants and that all Defendants acted pursuant to a conspiracy and agreement to do the things alleged herein.

9. Plaintiff makes the allegations in this complaint without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion, and Plaintiff reserves all of Plaintiff's rights to plead in the alternative.

## *JURISDICTION AND VENUE*

10. The amount of damages sought herein is greater than $25,000. Hence this case is within the unlimited jurisdiction of this Court.

11. This Court has jurisdiction over Ashley Furniture Industries, LLC because at all times relevant, it is and was authorized to transact, and is transacting business in San Bernardino County, California.

12. Venue is proper in this Court pursuant to Code of Civil Procedure § 395, because the acts, events, and omissions complained of herein occurred in San Bernardino County, California.

## *GENERAL ALLEGATIONS*

13. On or about March 16, 2020, Defendants hired Plaintiff as a Medical Technician. Plaintiff's job duties included but were not limited to handling work-related injuries and providing reports, as well as conducting accident investigations for the Ashley Furniture warehouse he worked in.

14. On March 18, 2020, Defendants laid off Plaintiff, but reinstated him on or about July 10, 2020.

15. Plaintiff is a credentialed Emergency Medical Technician and was responsible for ordering specific medical equipment to use on injured employees.

16. In or around the beginning of June 2021, Defendants hired Nicholas Hansen (hereinafter "Hansen") as a Safety Manager.

17. Not long after Hansen was hired, Hansen began to implement unsafe policies and procedures that Plaintiff would bring to Hansen's attention. For instance, in an effort to cut corners and save money, Hansen would try to order medical equipment that was neither vetted by Plaintiff and the warehouse's athletic trainer nor was safe to use.

18. Hansen committed additional medical policy breaches by advising Plaintiff on medical safety guidelines despite lacking credentials and the medical professional background.

19. On multiple occasions throughout Plaintiff's employment, Hansen would constantly interrupt Plaintiff while Plaintiff was providing patient care, such as by asking the injured employee about the incident in the middle of treatment, and while injured employees were screaming in pain from their recent injuries.

20. Throughout the month of June 2021, Plaintiff complained numerous times with Human Resources about Defendants' unsafe, unethical, and unvetted policies and procedures. Plaintiff first complained to Human Resources representative, Sonia Castro (hereinafter "Castro"), in person that Hansen was not taking the best interests of the employees into consideration implying that what he was doing was unlawful and unethical. However, despite Plaintiff's multiple complaints about Hansen's violations, Defendants took no remedial action.

21. Plaintiff would also attempt to raise his complaints to Human Resources Manager, Shanda Ramos (hereinafter "Ramos"), but she refused to give Plaintiff an audience. In response, Ramos would tell Plaintiff to talk to Castro instead.

22. Around this time, Plaintiff also observed that Hansen would enter the Health and Safety office, which contains sensitive workers' compensation information, without clearance and in violation of company policy.

23. In or around June 2021, Plaintiff noticed that there was a missing meeting speakerphone from the office. When Plaintiff asked Hansen where the Jabra speakerphone was, Hansen admitted to Plaintiff that he had taken it without permission.

24. On or about June 8, 2021, Defendants issued Plaintiff a writeup about a "comment" he had made to another employee. However, Plaintiff sensed that Defendants were beginning to retaliate against him for his repeated complaints about Hansen.

25. Several times throughout Plaintiff's employment, Hansen would threaten Plaintiff with litigation, implying that if Plaintiff persisted in raising concerns about the safety and workplace violations, that Defendants would cause Plaintiff to have an arduous legal battle.

26. On or about July 6, 2021, Plaintiff submitted a harassment complaint with Ramos via email

1 about the aforementioned issues regarding Hansen's conduct and attempt to steal company property.

2     27. On or about July 9, 2021, only three days after submitting his final complaint to Ramos, Defendants issued Plaintiff a final corrective action.

    28. That very same day, Defendants terminated Plaintiff's employment. Plaintiff was not terminated because he violated company policies, but as retaliation for his numerous complaints of illegal workplace and safety violations.

### *FIRST CAUSE OF ACTION*

*Retaliation for Reporting Illegal Violation*

*Cal. Lab. Code § 1102.5*

*(On Behalf of Plaintiff Against All Defendants)*

    29. Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

    Labor Code section 1102.5(b) provides:

> An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information . . . to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance . . . if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

    30. Defendants employed Plaintiff.

    31. Plaintiff complained to Defendants regarding certain practices by Defendants that Plaintiff reasonably believed were unlawful.

    32. Plaintiff complained about those perceived illegal violations to persons with authority over Plaintiff and other employees of Defendants that had the authority to investigate, discover, or correct those illegal violations.

    33. As a result of the foregoing complaints by Plaintiff, Defendants retaliated against Plaintiff by terminating Plaintiff, rather than taking appropriate actions to investigate or correct the perceived unlawful practices.

34. Plaintiff was harmed.

35. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

36. As a proximate result of Defendants' conduct, Plaintiff has incurred and will continue to incur damages in an amount to be proven at trial. These damages include lost income, lost benefits, great anxiety, embarrassment, anger, loss of enjoyment of life, emotional distress, and legal fees and costs in the hiring of legal counsel, all to Plaintiff's damage in an amount according to proof at trial.

37. The conduct of Defendants and each of them as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights. Defendants and each of them, and their agents/employees, managing agents/or supervisors, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages against each of said Defendants.

38. Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial, in particular, pursuant to attorneys' fees allowed pursuant to amendments to Cal. Lab. Code 1102.5 *et seq.*

## *SECOND CAUSE OF ACTION*

*Retaliation for Working Conditions Complaint*

*Cal. Lab. Code § 6310*

*(On Behalf of Plaintiff Against All Defendants)*

39. Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

40. Labor Code section 6310 protects an employee who: (1) complains about safety or health conditions or practices, (2) institutes or causes to be instituted any proceeding relating to the employee's rights to safe and healthful working conditions, or testifies in any such proceeding, (3) exercises any rights under the California Occupational Safety and Health Act, or (4) participates in an occupational health and safety committee established pursuant to Labor Code section 6401.7. Labor Code section 6310 also protects an employee who is a family member of a person who has or is perceived to have engaged in any protected conduct.

///

Labor Code section 6310 provides:

(a) No person shall discharge or in any manner discriminate against any employee because the employee has done any of the following:
   (1) Made any oral or written complaint to the division, other governmental agencies having statutory responsibility for or assisting the division with reference to employee safety or health, his or her employer, or his or her representative.
   (2) Instituted or caused to be instituted any proceeding under or relating to his or her rights or has testified or is about to testify in the proceeding or because of the exercise by the employee on behalf of himself, herself, or others of any rights afforded him or her.
   (3) Participated in an occupational health and safety committee established pursuant to Section 6401.7.
   (4) Reported a work-related fatality, injury, or illness, requested access to occupational injury or illness reports and records that are made or maintained pursuant to Subchapter 1 (commencing with Section 14000) of Chapter 1 of Division 1 of Title 8 of the California Code of Regulations, or exercised any other rights protected by the federal Occupational Safety and Health Act (29 U.S.C. Sec. 651 et seq.), except in cases where the employee alleges he or she has been retaliated against because he or she has filed or made known his or her intention to file a workers' compensation claim pursuant to Section 132a, which is under the exclusive jurisdiction of the Workers' Compensation Appeals Board.

41. Defendants employed Plaintiff.

42. Not long after Hansen was hired, Hansen began to implement unsafe policies and procedures that Plaintiff would bring to Hansen's attention. For instance, in an effort to cut corners and save money, Hansen would try to order medical equipment that was neither vetted by Plaintiff and the warehouse's athletic trainer nor was safe to use.

43. Hansen committed additional medical policy breaches by advising Plaintiff on medical safety guidelines despite lacking credentials and the medical professional background.

44. On multiple occasions throughout Plaintiff's employment, Hansen would constantly interrupt Plaintiff while Plaintiff was providing patient care, such as by asking the injured employee about the incident in the middle of treatment, and while injured employees were screaming in pain from their recent injuries.

45. Defendants retaliated against Plaintiff by terminating Plaintiff's employment.

46. Plaintiff was harmed.

47. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

48. Pursuant to Labor Code section 6310(b), Plaintiff is entitled to reinstatement and reimbursement for lost wages and benefits.

49. As a result of Defendants' conduct, Plaintiff has incurred and will continue to incur damages in an amount to be proven at trial. These damages include great anxiety, embarrassment, anger, loss of enjoyment of life, emotional distress, and legal fees and costs in the hiring of legal counsel.

50. The conduct of Defendants and each of them as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights. Defendants and each of them, and their agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages against each of said Defendants.

## *THIRD CAUSE OF ACTION*

*Wrongful Termination in Violation of Public Policy*

*(On Behalf of Plaintiff Against All Defendants)*

51. Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

52. Plaintiff's termination violates fundamental principles of public policy in that there is a substantial and fundamental policy against terminating employees for unlawful purposes, including on account of retaliation for reporting illegal workplace violations and unsafe working conditions.

53. Defendants employed Plaintiff.

54. Defendants terminated Plaintiff in violation of Plaintiff's rights and public policy by terminating him due to his complaints of unsafe and unethical workplace violations.

55. Plaintiff was harmed.

56. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

57. In doing the acts described herein, Defendants deprived Plaintiff of prospective career and employment opportunities, as well as other benefits, by failing to perform its duties to administer and apply all State and local laws, procedures and regulations.

58. As a proximate result of Defendants' willful, despicable, and intentional conduct towards

Plaintiff, Plaintiff has sustained substantial losses in earnings and other employment benefits.

59. As a proximate result of Defendants' willful, despicable, and intentional conduct towards Plaintiff, Plaintiff has suffered and continues to suffer humiliation, and emotional distress; the amount of such damages to be determined by proof at trial.

60. The conduct of Defendants and each of them as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights. Defendants and each of them, and their agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages against each of said Defendants.

## *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests the following relief:

1. For an award of compensatory damages, including without limitation lost wages, earnings, benefits, and other compensation, according to proof, as well as damages for emotional distress, loss of enjoyment of life, humiliation, pain and suffering, injury to reputation, embarrassment, fear, anxiety and anguish, according to proof as allowed by law;

2. Equitable relief including, but not limited to, reinstatement;

3. For an award of punitive damages as allowed by law;

4. For a declaratory judgment that Defendants have violated California public policy;

5. For an award of prejudgment and post-judgment interest;

6. For an award of reasonable attorneys' fees;

7. For statutory fees and/or penalties;

8. For all costs of suit; and

///
///
///

9. For an award of any other and further legal and equitable relief as the Court deems just and proper.

Dated: April 18, 2023

JAURIGUE LAW GROUP

*Michael Jaurigue*

Michael J. Jaurigue
S. Sean Shahabi
*Attorneys for Plaintiff*
Christopher Michael Reney

***DEMAND FOR JURY TRIAL***

Plaintiff requests a trial by jury as to all causes of action.

Dated: April 18, 2023

JAURIGUE LAW GROUP

*Michael Jaurigue*

Michael J. Jaurigue
S. Sean Shahabi
*Attorneys for Plaintiff*
Christopher Michael Reney